UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADESINA JAIYEOLA**<br><br>    *Plaintiff,*<br> v.<br><br>**Pete Buttigieg, in his official capacity as Secretary of,**<br>**U.S. Department of Transportation**<br>**Pipeline and Hazardous Materials Safety Administration**<br><br>    *Defendants.*<br><br><br><br>**SERVE UPON:**<br>**DEPARTMENT OF JUSTICE,**<br>**UNITED STATES ATTORNEY, BUTTIGIEG.** | Case No.:  1:25-cv-00284 |

## COMPLAINT
(JURY DEMANDED)

COMES NOW, the Plaintiff, ADESINA JAIYEOLA ("Plaintiff"), by and through the undersigned counsel and brings this verified Complaint against the above-named Defendant, U.S. Department of Transportation Pipeline and Hazardous Materials Safety ("Defendant" or "DOT/PHMSA") stating the cause as follows:

### NATURE OF ACTION

1.     This is an action for racial, color, and national origin discrimination pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) ("Title VII") as well as age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA").

### JURISDICTION AND VENUE

2.     This Honorable Court has jurisdiction pursuant to 42 U.S.C.S. § 2000e-5 as each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title [42 USCS §§ 2000e et seq.]. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28 of the United States Code, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

4.     The Plaintiff is a 71-year-old black African American male of Nigerian descent. Plaintiff is a resident of Pennsylvania for at least 6 months prior to filing this lawsuit.

5.     Defendant, U.S. Department of Transportation Pipeline and Hazardous Materials Safety ("DOT)", is a department within the Executive Branch of the Federal Government, who through its agencies, promulgates regulations and policies governing transportation within the United States. Defendant is liable, on the basis of respondent superior and other applicable law, including Title VII, for the discriminatory actions of the employees, as each of the events occurred during and within the scope of the employee's job functions for the benefit of the Defendant.

6.Defendant, Pete Buttigieg, is the Secretary of the DOT and in this capacity, is responsible for overseeing the actions of all employees and officers within DOT agencies, including Pipeline and Hazardous Materials Safety Administration.

## EXHAUSTION OF REMEDIES

7.Plaintiff has exhausted his administrative remedies and complied with all statutory and administrative prerequisites to his Title VII and ADEA claims by filing charges with the U.S. Equal Employment Opportunity Commission against the Defendant (EEOC Charge No.: 570-2023-00205X).

8.The Final Order was issued on January 7, 2025, therefore, the Plaintiff has the right to file this suit at this time.

9.This civil action was timely commenced and all conditions precedent for this suit have been met and/or complied with by the Plaintiff.

## FACTUAL ALLEGATIONS

10.Plaintiff was a pipeline safety engineer with the State of Maryland Public Service Commission at the times relevant to the incident described in this Complaint.

11.Plaintiff, who is a 71-year-old African American Black Nigerian male has a strong distinguishable accent.

12.Francis Dilsaver was the Branch Chief of the Human Resources Division at the times relevant to this Complaint.

13.Jeanette Rodriguez was a Personnel Security Specialist in the Office of Security, Federal Motor Carrier Services Administration (FMCSA) at the times relevant to this Complaint.

14.Dustin Hubbard was the Director of the Office of Pipeline Safety, Western Region, and selecting official, at the times relevant to this Complaint.

3

15. From April 2, 2021, to October 4, 2021, the Defendant advertised a continuous vacancy for a GS-1801-11/12/13 General Engineer in job announcement number PHMSA.PSRG.2021.0015.

16. In or around September 2021, Plaintiff submitted a timely application for the vacancy and was determined to be qualified for a GS-1801-12 General Engineer position in the Office of Pipeline Safety.

17. Plaintiff applied for the position as General Engineer (Investigator) at the Pipeline and Hazardous Materials Safety Administration (PHMSA), based in Ontario, California.

18. On January 12, 2022, the Defendant made a firm offer of employment to Plaintiff for a GS-0801-12/2 General Engineer position in the Office of Pipeline Safety's Western Region, and Plaintiff accepted.

19. On January 24, 2022, he traveled to Ontario to Look for housing but found the cost of housing extremely high. At his and the Agency's request, his start date was delayed from late February to March 27, 2022, to allow him time to find housing in the Ontario area.

20. On February 23, 2022, Mr. Jaiyeola received notice from Jeanette O'Neill Rodriguez, Personnel Security Specialist, that there was an outstanding warrant on his record. The alleged warrant was for an offense listed as "Disregard traffic control device."

21. Between February 23 and March 1, 2022, Ms. Rodriguez acknowledges that Plaintiff was in regular contact with her regarding his attempts to resolve the outstanding warrant.

22. In late February 2022, Plaintiff called Ms. Rodriguez' phone number and spoke with an employee who answered the phone. This employee said, "Why do you foreign people call this number and yell at people?"

23. This employee then gave Plaintiff another number for Ms. Rodriguez and when Ms. Rodriguez answered, she started yelling at Plaintiff and accused him of "yelling at her assistant."

24. Ms. Rodriguez proceeded to state, "foreign people yell," and "old people yell as well." She further said that "[her] father is from Puerto Rico and he yells." Ms. Rodriguez claimed Plaintiff yelled at her and was disrespectful.

25. On February 28, 2022, Ms. Rodriguez sent Plaintiff an email stating that his letter in response to the warrant needed to be signed. Plaintiff provided a signed copy the same day.

26. At 9:51 am on March 1, 2022, Ms. Rodriguez sent an email to Ms. Dilsaver in HR stating, "He did provide a statement which will mitigate his issue, his behavior needs to be noted as he will have interaction with PHMSA State Partners as a representative of your mode." On this same day, Plaintiff had a phone meeting with Ms. Rodriguez and her colleague Mr. Misuraca.

27. On March 1, 2022, the same day, Mr. Misuraca later drafted an email at 1:35PM the same day regarding what happened during this telephone conference. In that email he stated Plaintiff told him during the conversation that "The lady [on the phone at the Alleghany Court house] gave me the case number MJ-05003-TR-7913-2003. She told me to fax a letter to her and she will give it to the judge to sign to remove the "warrant". So, I am pleading guilty to the traffic ticket and pay any fine if needed." Mr. Misuraca also stated in the email that "His [Plaintiff's] time [to obtain the additional information] **has been extended."**

28. Despite telling Plaintiff that his time to obtain the information had been extended, that same day at 5:43PM, Ms. Rodriguez emailed Ms. Dilsaver in Human Resources, stating that Plaintiff's job offer should be rescinded.

29. In an affidavit, Ms. Rodriguez could not explain why she did not give Plaintiff additional time to obtain documentation after she had promised to do so in the meeting.

5

30. At 5:43PM on March 1, 2022, Ms. Rodriguez sent an email to Ms. Dilsaver in Human Resources, stating that Plaintiff's job offer should be rescinded, despite his earlier assurances that he would be able to get the warrant resolved within a few days at most.

31. On March 2, 2022, Plaintiff emailed and faxed Ms. Rodriguez a copy of the paperwork stating the warrant was dismissed. The same day, Plaintiff received a notice from Human Resources that his job offer had been rescinded.

32. On March 31, 2022, after Plaintiff filed an EEO complaint, Ms. Rodriguez wrote to Ms. Dilsaver, "As part of the adjudication processing, we must make a decision that is best for the agency and are under no requirement to hold a position until a court decision is rendered. Applicant was consistently disrespectful during the discovery process, and this is evident in his letter to PHMSA HR which had a threatening tone."

33. At no time did Plaintiff use a "threatening tone" and at all times, was only speaking with his native Nigerian accent.

34. After rescinding Defendant's firm offer, Defendant gave the position to a younger white male.

35. Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). The Final Order was issued on January 7, 2025.

## CAUSES OF ACTION

### COUNT I
### Race Discrimination
**Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2)**

36. Plaintiff repeats and realleges each and every allegation in the paragraphs above as though fully set forth at length herein.

37. As an African American male, Plaintiff is a member of a protected class.

38. Defendant, at all times relevant, knew that Plaintiff is of a protected class prior to subjecting Plaintiff to the discriminatory acts listed throughout this Complaint.

39. Because of Plaintiff's race (African American), Defendant engaged in intentional racial discrimination in the terms and conditions of the Plaintiff's employment opportunity, including, but not limited to, all of the examples listed above in the Statement of Facts, as well as the following:

   A. By treating Plaintiff differently because of his race.
   B. By rescinding Plaintiff's firm offer despite stating his time to resolve the traffic citation would be extended and not holding non-African American applicants to the same standards as Plaintiff.
   C. By not providing Plaintiff with an equal opportunity to be hired for the position because of his race.
   D. By stereotyping and punishing Plaintiff because of his race by not providing Plaintiff with an equal opportunity to be hired for the position.
   E. By rescinding Plaintiff's offer and giving the position to a younger white male.
   F. By hiring a non-African American, who is less qualified for the position than Plaintiff.

40. Defendant has limited, segregated, and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his career opportunity because of his race.

41. Plaintiff's race was a determining and motivating factor in Defendant's unlawful conduct toward Plaintiff.

42. The Defendant cannot offer any legitimate reason for its unlawful conduct.

43. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of his race.

44. The aforementioned acts of Defendants were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff and have deprived Plaintiff of opportunities.

45. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages all to his detriment, including but not limited to: past and future loss of income and wages, benefits, promotion and promotional opportunities, legal fees, career opportunities, along with other damages, all in an amount to be shown according to proof and is entitled to all available legal and equitable remedies.

46. As a further proximate result of Defendant's unlawful conduct alleged throughout this Complaint, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, emotional and mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

47. Plaintiff demands judgment against Defendant, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## COUNT II
## Color Discrimination
**Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2)**

48. Plaintiff repeats and realleges each and every allegation in the paragraphs above as though fully set forth at length herein.

49. As a Black male, Plaintiff is a member of a protected class.

50. Defendant, at all times relevant, knew that Plaintiff is of a protected class prior to subjecting Plaintiff to the discriminatory acts listed throughout this Complaint.

8

51. Because of Plaintiff's color (Black), Defendant engaged in intentional racial discrimination in the terms and conditions of the Plaintiff's employment opportunity, including, but not limited to, all of the examples listed above in the Statement of Facts, as well as the following:

   A. By treating Plaintiff differently because of the color and complexion of his skin.

   B. By rescinding Plaintiff's firm offer despite stating his time to resolve the traffic citation would be extended and not holding non-Black applicants to the same standards as Plaintiff.

   C. By not providing Plaintiff with an equal opportunity to be hired for the position because of the color and complexion of his skin.

   D. By stereotyping and punishing Plaintiff by not providing Plaintiff with an equal opportunity to be hired for the position because of his color and skin complexion.

   E. By rescinding Plaintiff's offer and giving the position to a younger white male.

   F. By hiring a non-Black individual, who is less qualified for the position than Plaintiff.

52. Defendant has limited, segregated, and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his career opportunity because of the color and complexion of his skin.

53. Plaintiff's color and skin complexion was a determining and motivating factor in Defendant's unlawful conduct toward Plaintiff.

54. The Defendant cannot offer any legitimate reason for its unlawful conduct.

55. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of the color and complexion of his skin.

56. The aforementioned acts of Defendants were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff and have deprived Plaintiff of opportunities.

57. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages all to his detriment, including but not limited to: past and future loss of income and wages, benefits, promotion and promotional opportunities, legal fees, career opportunities, along with other damages, all in an amount to be shown according to proof and is entitled to all available legal and equitable remedies.

58. As a further proximate result of Defendant's unlawful conduct alleged throughout this Complaint, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, emotional and mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

59. Plaintiff demands judgment against Defendant, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## COUNT III

### National Origin Discrimination
### Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2)

60. Plaintiff repeats and realleges each and every allegation in the paragraphs above as though fully set forth at length herein.

61. In or around September 2021, Plaintiff submitted a timely application for the vacancy and was determined to be qualified for a GS-1801-12 General Engineer position in the Office of Pipeline Safety.

62. On January 12, 2022, the Defendant made a firm offer of employment to Plaintiff for a GS-0801-12/2 General Engineer position in the Office of Pipeline Safety's Western Region, and Plaintiff accepted.

63. In late February 2022, Plaintiff called Ms. Rodriguez' phone number and spoke with an employee who answered the phone. This employee said, **"Why do you foreign people call this number and yell at people?"**

64. This employee then gave Plaintiff another number for Ms. Rodriguez and when Ms. Rodriguez answered, she started yelling at Plaintiff and accused him of "yelling at her assistant".

65. Ms. Rodriguez proceeded to state, **"foreign people yell," and "old people yell as well".** She further said that **"[her] father is from Puerto Rico and he yells".**

66. Ms. Rodriguez claimed Plaintiff "yelled at her" and was "disrespectful" simply because he spoke with an accent.

67. Soon after this phone call, Plaintiff took all steps necessary to resolve the traffic citation and requested a modest extension, which was granted Mr. Misuraca on March 1, 2022.

68. Rather than honor to extension, that very same day at 5:43PM, Ms. Rodriguez emailed Ms. Dilsaver in Human Resources, stating that Plaintiff's job offer should be rescinded.

69. In an affidavit, Ms. Rodriguez could not explain why she did not give Plaintiff additional time to obtain documentation after she had promised to do so in the meeting.

70. At 5:43PM on March 1, 2022, Ms. Rodriguez sent an email to Ms. Dilsaver in Human Resources, stating that Plaintiff's job offer should be rescinded, despite his earlier assurances that granted him an extension because he would be able to get the warrant resolved within a few days at most.

71. The next day, on March 2, 2022, Plaintiff emailed and faxed Ms. Rodriguez a copy of the paperwork stating the warrant was dismissed. The same day, Plaintiff received a notice from Human Resources that his job offer had been rescinded.

72. On March 2, 2022, Plaintiff emailed and faxed Ms. Rodriguez a copy of the paperwork stating the warrant was dismissed. The same day, Plaintiff received a notice from Human Resources that his job offer had been rescinded.

73. On March 31, 2022, after Plaintiff filed an EEO complaint, Ms. Rodriguez wrote to Ms. Dilsaver, "As part of the adjudication processing, we must make a decision that is best for the agency and are under no requirement to hold a position until a court decision is rendered. Applicant was consistently disrespectful during the discovery process, and this is evident in his letter to PHMSA HR which had a threatening tone."

74. At no time did Plaintiff use a "threatening tone" and at all times, was only speaking with his native Nigerian accent.

75. Plaintiff's job offer was rescinding because when he called Ms. Rodriguez and her assistant on the phone, they heard his Nigerian accent, offended him, and refused to honor the extension to accept his traffic citation resolution paperwork, despite allowing non-foreign applicants the opportunity for extensions to meet the hiring requirements.

76. Defendant has limited, segregated, and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his career opportunity because of his accent and national origin.

77. Plaintiff's accent and national origin was a determining and motivating factor in Defendant's unlawful conduct toward Plaintiff.

78. The Defendant cannot offer any legitimate reason for its unlawful conduct.

79. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of his accent and national origin.

80. The aforementioned acts of Defendants were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff and have deprived Plaintiff of opportunities.

81. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages all to his detriment, including but not limited to: past and future loss of income and wages, benefits, promotion and promotional opportunities, legal fees, career opportunities, along with other damages, all in an amount to be shown according to proof and is entitled to all available legal and equitable remedies.

82. As a further proximate result of Defendant's unlawful conduct alleged throughout this Complaint, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, emotional and mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

83. Plaintiff demands judgment against Defendant, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

**COUNT IV**
**Age Discrimination**
**Age Discrimination in Employment Act of 1967 ("ADEA")**

84. Plaintiff repeats and realleges each and every allegation in the paragraphs above as though fully set forth at length herein.

85. In or around September 2021, Plaintiff submitted a timely application for the vacancy and was determined to be qualified for a GS-1801-12 General Engineer position in the Office of Pipeline Safety.

86. On January 12, 2022, the Defendant made a firm offer of employment to Plaintiff for a GS-0801-12/2 General Engineer position in the Office of Pipeline Safety's Western Region, and Plaintiff accepted.

87. In late February 2022, Plaintiff called Ms. Rodriguez' phone number and spoke with an employee who answered the phone. This employee said, **"Why do you foreign people call this number and yell at people?"**

88. This employee then gave Plaintiff another number for Ms. Rodriguez and when Ms. Rodriguez answered, she started yelling at Plaintiff and accused him of "yelling at her assistant".

89. Ms. Rodriguez proceeded to state, **"foreign people yell,"** and **"old people yell as well"**. She further said that **"[her] father is from Puerto Rico and he yells"**.

90. Ms. Rodriguez claimed Plaintiff "yelled at her" and was "disrespectful" simply because of his age and because he spoke with an accent.

91. Ms. Rodriguez intentionally rescinded Plaintiff's offer for employment after speaking with him on the phone and accusing him of "yelling" because she believes that "foreign" and "old people" yell.

92. On March 31, 2022, after Plaintiff filed an EEO complaint, Ms. Rodriguez wrote to Ms. Dilsaver, "As part of the adjudication processing, we must make a decision that is best for the agency and are under no requirement to hold a position until a court decision is rendered. Applicant was consistently disrespectful during the discovery process, and this is evident in his letter to PHMSA HR which had a threatening tone."

93. At no time did Plaintiff use a "threatening tone" or "yelling."

94. Defendant then provided a younger white male with the position Plaintiff accepted.

14

95. Defendant has limited, segregated, and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his career opportunity because of his age.

96. Plaintiff's age was a determining and motivating factor in Defendant's unlawful conduct toward Plaintiff.

97. The Defendant cannot offer any legitimate reason for its unlawful conduct.

98. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of his age.

99. The aforementioned acts of Defendants were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff and have deprived Plaintiff of opportunities.

100. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages all to his detriment, including but not limited to: past and future loss of income and wages, benefits, promotion and promotional opportunities, legal fees, career opportunities, along with other damages, all in an amount to be shown according to proof and is entitled to all available legal and equitable remedies.

101. As a further proximate result of Defendant's unlawful conduct alleged throughout this Complaint, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, emotional and mental anguish, and other general damages, all to his detriment, in an amount to be shown according to proof.

102. Plaintiff demands judgment against Defendant, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees and costs, plus pre and post judgment interest, and for any other relief which has been requested herein and any relief this Court deems just and proper. Plaintiff also respectfully prays that this Honorable Court:

A. Award damages including but not limited to, back pay, front pay, lost employee benefits, hiring, and reinstatement of the opportunity to be hired and re-offer the position as a GS-1801-12 General Engineer in the Office of Pipeline Safety;

B. Award compensatory damages for each cause of action and general damages and non-economic damages, including mental and emotional distress damages, damages for physical injuries and anguish, and other special and general damage;

C. For an award of interest, including prejudgment interest, at the legal rate;

D. For costs and fees of suit herein incurred;

E. Order Equal Employment Opportunity training to Defendant and the supervisory officials at issue herein;

F. Award Plaintiff attorney's fees, cost and expenses of litigation;

G. Award such other relief to which Plaintiff may be entitled to under law.

**I DO HEREBY DECLARE AND AFFIRM UNDER THE PENATLIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEGDE, INFORMATION, AND BELIEF.**

*Adesina Jaiyeola*
**ADESINA JAIYEOLA,** *Plaintiff*

**Date:** 01/30/2025

Respectfully Submitted,


*/s/ Theresa Kraft, Esq.*
Theresa Kraft, Esq.
WILT TOIKKA KRAFT LLP
1629 K Street NW, Suite 300
Washington, DC 20006
202-508-3648 (office)
202-804-0683 x 2100 (direct)
tkraft@wtk-law.com

*/s/ Megan B. Betts, Esq.*
Megan B. Betts, Esq.
Wilt Toikka Kraft, LLP
1629 K Street NW, Suite 300
Washington, DC 20006
202-508-3648 (office)
828-552-6200 (cell)
202-521-9803 (fax)
mbetts@wtk-law.com

Attorneys for Plaintiff

17